# WAINWRIGHT, CORRECTIONS DIRECTOR, ET AL.
## v. STONE ET AL.

No. 73–122. Decided November 5, 1973

PER CURIAM.

In separate trials, appellees were convicted of violating Fla. Stat. § 800.01 (1965), which proscribed "the abominable and detestable crime against nature, either with mankind or with beast . . . ."[1] Having exhausted state remedies,[2] appellees sought federal habeas corpus,

---

[1] Fla. Stat. § 800.01 (Supp. 1973) presently provides: "Whoever commits the abominable and detestable crime against nature, either with mankind or with beast, shall be guilty of a felony of the second degree, punishable as provided in [other statutory sections]." At the time of appellees' convictions the maximum penalty was 20 years' imprisonment.

[2] Appellee Stone's conviction was affirmed on direct appeal, Stone v. State, 245 So. 2d 91 (Fla. Dist. Ct. App. 1971), and his motion for post-conviction relief was denied. Stone v. State, 264 So. 2d 81 (Fla. Dist. Ct. App.), cert. denied, 267 So. 2d 329 (Fla. Sup. Ct. 1972). It appears that appellee Huffman appealed from his conviction, but did not seek collateral relief. The District Court found exhaustion

asserting, among other things, that the Florida statute was impermissibly vague. The writ was granted to both appellees. The Court of Appeals affirmed on the sole ground that § 800.01 was unconstitutionally vague and void on its face for failure to give appellees adequate notice that the conduct for which they were convicted was forbidden by law. 478 F. 2d 390 (CA5 1973).

We reverse. We perceive no violation of the "underlying principle . . . that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." *United States* v. *Harriss*, 347 U. S. 612, 617 (1954). Stone was convicted for copulation per os and per anum, Huffman for copulation per anum. These very acts had long been held to constitute "the abominable and detestable crime against nature" under § 800.01 and predecessor statutes. *Delaney* v. *State,* 190 So. 2d 578 (Fla. Sup. Ct. 1966), appeal dismissed, 387 U. S. 426 (1967), declared as much; and this had been the case since 1921 under *Ephraim* v. *State,* 82 Fla. 93, 89 So. 344 (1921). *Delaney* also held that there could be no complaint of vagueness or lack of notice that the defendant's conduct was criminal where the acts committed were among those that prior cases had held covered by the statute.

*Delaney* and its supporting cases require reversal of the Court of Appeals. The judgment of federal courts as to the vagueness or not of a state statute must be made in the light of prior state constructions of the statute. For the purpose of determining whether a state statute is too vague and indefinite to constitute valid legislation "we must take the statute as though it read precisely as the highest court of the State has

unnecessary since Huffman's claim had already been determined adversely by the ruling in *Franklin* v. *State,* 257 So. 2d 21 (Fla. Sup. Ct. 1971), discussed in text *infra*.

interpreted it." *Minnesota ex rel. Pearson* v. *Probate Court,* 309 U. S. 270, 273 (1940). When a state statute has been construed to forbid identifiable conduct so that "interpretation by [the state court] puts these words in the statute as definitely as if it had been so amended by the legislature," claims of impermissible vagueness must be judged in that light. *Winters* v. *New York,* 333 U. S. 507, 514 (1948). This has been the normal view in this Court. *Fox* v. *Washington,* 236 U. S. 273, 277 (1915); *Beauharnais* v. *Illinois,* 343 U. S. 250, 253 (1952); *Mishkin* v. *New York,* 383 U. S. 502, 506 (1966). The Court of Appeals, therefore, was not free to ignore *Delaney* and related cases; and as construed by those cases, § 800.01 afforded appellees ample notice that their conduct was forbidden by law.

Appellees rely on *Franklin* v. *State,* 257 So. 2d 21 (Fla. Sup. Ct. 1971), to avoid the efficacy of prior constructions of § 800.01. In that case, decided after appellees' convictions had become final, the Florida Supreme Court reconsidered *Delaney* and held that if § 800.01 was intended to reach oral and anal sexual activity, that intention should appear on the face of the statute; otherwise it was void for vagueness and uncertainty in its language. But this holding did not remove the fact that when appellees committed the acts with which they were charged, they were on clear notice that their conduct was criminal under the statute as then construed. Thus, the Florida Supreme Court expressly ruled in *Franklin* that "this judgment holding the felony statute void is not retroactive, but prospective only," *id.,* at 24; and subsequently the Florida courts denied appellee Stone's request for relief based on the *Franklin* case. *Stone* v. *State, supra,* n. 2. The State Supreme Court did not overrule *Delaney* with respect to pre-*Franklin* convictions. Nor was it constitutionally compelled to do so or

to make retroactive its new construction of the Florida statute: "A state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions." *Great Northern R. Co.* v. *Sunburst Oil & Refining Co.,* 287 U. S. 358, 364 (1932). Contrary to the judgment of the Court of Appeals, § 800.01 was not void at the time appellees performed the acts for which they were convicted. The motion of appellees to proceed *in forma pauperis* is granted and the judgment of the Court of Appeals is reversed.

*So ordered.*