363 A.2d 307 (1976)
Clifford P. RETZER, Jr., Appellant,
v.
UNITED STATES, Appellee.
Nos. 7256, 7257.
District of Columbia Court of Appeals.
Submitted December 17, 1973.
Decided August 17, 1976.
*308 Kenneth D. Wood, Gaithersburg, Md., for appellant.
Harold H. Titus, Jr., U. S. Atty., Washington, D. C., at the time the brief was filed, John A. Terry and Julius A. Johnson, Asst. U. S. Attys., Washington, D. C., were on the brief for appellee.
Before REILLY, Chief Judge, and KERN and NEBEKER, Associate Judges.
REILLY, Chief Judge.
These are appeals by the manager of an "adult" bookstore and amusement arcade from convictions of one count of knowingly presenting an obscene, indecent, and filthy motion picture and three counts of possessing such a motion picture with intent to disseminate in violation of D.C.Code 1973, §§ 22-2001(a) (1)(B) and (E), respectively. The motion pictures in question were displayed by coin-operated projectors on the premises operated by appellant. The arrest of appellant and the seizure of the films were made under warrants issued pursuant to affidavits of vice squad officers.
The provisions of the Code upon which these convictions were based read as follows:
* * * * * *
(a)(1) It shall be unlawful in the District of Columbia for a person knowingly 
(B) to present . . . any obscene, indecent, or filthy . . . motion picture . . .;
* * * * * *
(E) to . . . possess any matter described in the preceding subparagraphs of this paragraph with intent to disseminate such matter in violation of this subsection;
The evidence of violation of subparagraph (B) consisted of presentation of a film entitled "Batman and Robin Meet Dick Nose"; the charges under subparagraph (E)  possession with intent to disseminate  were concerned with three films entitled "M-75", "Piss Orgy", and "Fido Goes Down".
At trial, appellant called a witness, who, after qualifying as an expert, testified that the films were not obscene, did not appeal to a prurient interest in sex, and had redeeming social value. In rebuttal, the government put on a similar witness. His opinion was that the films were obscene, appealed to a prurient interest in sex, and possessed no educational, cultural, social or scientific value. Both witnesses agreed that the film "Piss Orgy" exceeded contemporary community standards, although the defense expert testified that it exceeded them only slightly. A jury returned a verdict of guilty on all four counts, and the court ordered appellant to pay fines totaling $250.
When this appeal was reached on our calendar, the four films (received as government exhibits at the trial) were projected on a screen and shown to the three judges assigned to the case. Counsel for both sides were invited to attend. The films were replete with explicit scenes of deviant sexual activities, including acts of fellatio, cunnilingus, copulation (heterosexual and homosexual); one depicted suggested sodomous acts between a woman and a dog; another such scatological conduct as urination upon human beings. The *309 trial judge, who had also seen the pictures when exhibited to the jury, ruled that "each of the films to me [is] hardcore pornography and obscenity per se."[1] His characterization of this material was not exaggerated, in our opinion, and we agree with his ruling.
Notwithstanding, appellant urges that the convictions should be reversed. His primary contention is that § 22-2001(a) of our Code is unconstitutionally vague in that it does not define the specific sexual conduct, depiction of which is prohibited, and hence does not pass muster under Miller v. California, 413 U.S. 15, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973).
In Miller and seven companion cases[2] the Court reexamined its previous opinions involving "the intractable obscenity problem".[3] While reaffirming the thesis that obscene materials are not protected by the First Amendment, the Court limited the scope of its holding in Miller to works portraying "hard core" sexual conduct and required that such conduct be "specifically defined by the applicable state law, as written or authoritatively construed." 413 U.S. at 24, 93 S.Ct. at 2615. (Emphasis supplied; footnote omitted.) The Court held that such statutes or rules of decision, if applied only to "works [a] which, taken as a whole, appeal to the prurient interest in sex, [b] which portray sexual conduct in a patently offensive way, and [c] which, taken as a whole, do not have serious literary, artistic, political, or scientific value" (413 U.S. at 24, 93 S.Ct. at 2615) can withstand constitutional challenge. In our opinion, the four films in issue fall into the category so described, as it cannot be seriously contended that under the three enumerated criteria, the public showing of any of the seized reels could not be validly prohibited under the Constitution. Simply because § 22-2001(a) does not expressly limit the scope of what is covered by the words "obscene, indecent, or filthy" to the definition enunciated by the Supreme Court in Miller, does not make it invalid, for that very opinion made it clear that the asserted defect in the statute may be cured by judicial construction.
In response to Mr. Justice Brennan's remark in his dissenting opinion in Paris Adult Theatre I v. Slaton, 413 U.S. 49, 95 n. 13, 93 S.Ct. 2628, 2653, 37 L.Ed.2d 446 (1973), that the modifications of the test in Memoirs v. Massachusetts, 383 U.S. 413, 418, 86 S.Ct. 975, 16 L.Ed.2d 1 (1966), should "invalidate virtually every state law relating to the suppression of obscenity",[4] the Supreme Court in Miller, 413 U.S. at 24 n.6, 93 S.Ct. at 2615, stated:
We do not hold, as Mr. Justice Brennan intimates, that all States other than Oregon must now enact new obscenity statutes. Other existing state statutes, as construed heretofore or hereafter, *310 may well be adequate. See United States v. 12 200-Ft. Reels of Film, 413 U.S. 123, at p. 130 n.7, 93 S.Ct. 2665, at 2670 n.7, 37 L.Ed.2d 500, at p. 507. (Emphasis added.)
Accord, Hamling v. United States, 418 U. S. 87, 94 S.Ct. 2887, 41 L.Ed.2d 590 (1974). Thus, in Paris Adult Theatre I, the Court held:
In light of these holdings, nothing precludes the State of Georgia from the regulation of the allegedly obscene material exhibited in Paris Adult Theatre I or II, provided that the applicable Georgia law, as written or authoritatively interpreted by the Georgia courts, meets the First Amendment standards set forth in Miller v. California, 413 U.S. at 23-25, 93 S.Ct. [2607], at 2614-2616, 37 L.Ed.2d at 431. . . . [413 U.S. at 69, 93 S.Ct. at 2642.]
Moreover, in United States v. 12 200-Ft. Reels of Film, supra, 413 U.S. at 130 n.7, 93 S.Ct. at 2670, while declaring that it "must leave to state courts the construction of state legislation," the Court itself limitedly interpreted facially vague and over-broad federal obscenity statutes:
[W]e do have a duty to authoritatively construe federal statutes where "`a serious doubt of constitutionality is raised'" and "`a construction of the statute is fairly possible by which the question may be avoided.'" United States v. Thirty-seven Photographs, 402 U.S. 363, 369, 91 S.Ct. 1400, 1404, 28 L.Ed.2d 822. . . (1971) (opinion of White, J.), quoting from Crowell v. Benson, 285 U. S. 22, 62, 52 S.Ct. 285, 296, 76 L.Ed. 598. . . (1932). If and when such a "serious doubt" is raised as to the vagueness of the words "obscene," "lewd," "lascivious," "filthy," "indecent," or "immoral" as used to describe regulated material in 19 U.S.C. § 1305(a) . . . and 18 U.S.C. § 1462 . . . we are prepared to construe such terms as limiting regulated material to patently offensive representations or descriptions of that specific "hard-core" sexual conduct given as examples in Miller v. California, 413 U.S. at 25, 93 S.Ct. 2607, at 2615.. . . [Id., citations omitted.]
These examples are:
(a) Patently offensive representations or descriptions of ultimate sexual acts, normal or perverted, actual or simulated.
(b) Patently offensive representations or descriptions of masturbation, excretory functions, and lewd exhibition of the genitals.
Finally, it is significant that the Supreme Court did not reverse Miller or, with one exception, any of its companion cases, but vacated and remanded them for further proceedings, citing in each case the above quoted footnote 7 of 12 200-Ft. Reels.
Accordingly, the Supreme Court in Hamling v. United States, supra, applied this gloss to 18 U.S.C. § 1461, the statute prohibiting the mailing of obscene materials. A few circuit courts have applied it to other federal obscenity statutes. See United States v. New Orleans Book Mart, Inc., 490 F.2d 73 (5th Cir. 1974) (18 U.S.C. § 1465); United States v. Thevis, 484 F.2d 1149 (5th Cir. 1973) (18 U.S.C. § 1462); United States v. One Reel of Film, 481 F. 2d 206 (1st Cir. 1973) (19 U.S.C. § 1305(a)).
This court has consistently held that D. C.Code 1973, § 22-2001(a) prohibits the exhibition or dissemination of motion pictures like the ones in the instant case, Kaplan v. United States, D.C.App., 277 A.2d 477 (1971), reaff'd on remand, 311 A.2d 506 (1973). It is our considered opinion that the kind of pictures at which this subsection of the Code was directed was limited only to those described in the quoted excerpt from Miller v. California, 413 *311 U.S. at 24, 93 S.Ct. 2607, and thus interpreted, the challenged subsection is valid. As previously noted, the films in question here fit the category defined in this portion of the Miller opinion. Accordingly, we find no merit in appellant's principal contention or in his argument that he was prosecuted under standards which did not exist before the Miller holding as our Kaplan opinion in 1971, had already put exhibitors of films on notice of applicable law in this jurisdiction.
In rejecting a similar contention, the Supreme Court said:
We perceive no violation of the "underlying principle . . . that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed." . . . [Wainwright v. Stone, 414 U.S. 21, 22, 94 S.Ct. 190, 192, 38 L.Ed.2d 179 (1973); citation omitted.]
Affirmed.
NOTES
[1] The quoted ruling was made outside the presence of the jury during a bench conference on proposed instructions.
[2] Paris Adult Theatre I v. Slaton, 413 U.S. 49, 93 S.Ct. 2628, 37 L.Ed.2d 446 (1973); Kaplan v. California, 413 U.S. 115, 93 S.Ct. 2680, 37 L.Ed.2d 492 (1973); United States v. 12 200-Ft. Reels of Film, 413 U.S. 123, 93 S.Ct. 2665, 37 L.Ed.2d 500 (1973); United States v. Orito, 413 U.S. 139, 93 S.Ct. 2674, 37 L.Ed.2d 513 (1973); Heller v. New York, 413 U.S. 483 (1973); Roaden v. Kentucky, 413 U.S. 496, 93 S.Ct. 2796, 37 L.Ed.2d 757 (1973); Alexander v. Virginia, 413 U.S. 836, 93 S.Ct. 2803, 37 L.Ed. 2d 993 (1973).
[3] Interstate Circuit, Inc. v. Dallas, 390 U.S. 676, 704, 88 S.Ct. 1298, 20 L.Ed.2d 225 (1968) (Harlan, J., concurring and dissenting).
[4] Mr. Justice Brennan specifically included D.C.Code 1973, § 22-2001, among the laws he considered to be invalidated. See Order, 413 U.S. 913, 914, 93 S.Ct. 3030, 37 L.Ed.2d 1022 (1973), vacating and remanding Kaplan v. United States, D.C.App., 277 A.2d 477 (1971) (Brennan, J., dissenting). Pursuant to this remand, we reconsidered the Kaplan decision in light of Miller and its companion cases, and reaffirmed our prior opinion. Kaplan v. United States, D.C.App., 311 A.2d 506 (1973).