UNITED STATES

v.

**Private E–2 Randy N. HARRIS, 437–94–2594, U.S. Army, Combat Support Company, 1st Battalion, 2d Infantry, 1st Infantry Division, Fort Riley, Kansas.**

CM 434437.

U. S. Army Court of Military Review.

Sentence Adjudged 17 Dec. 1975.

Decided 4 Jan. 1977.

Appellate Counsel for the United States: CPT Michael J. Hurley, JAGC; CPT Lee D. Schinasi, JAGC; COL Thomas H. Davis, JAGC.

Before JONES, Senior Judge, and FULTON and FELDER, JJ.

## OPINION OF THE COURT

FELDER, Judge:

The appellant, a black soldier, was convicted of committing sodomy in violation of Article 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925, with Private First Class Sletten, a white soldier. The approved sentence requires this Court to review the case pursuant to Article 66, UCMJ.

At the pretrial hearing the Article 32, UCMJ, investigating officer denied the defense counsel the opportunity to cross-examine Sletten about his biases and prejudices toward black soldiers. At the trial the defense counsel moved for a new investigation because of that denial. The judge refused to grant the relief requested. The defense motion was also based upon two other grounds but those bases were without merit.

We agree that it was error for the investigation officer to prevent the defense counsel from fully cross-examining one of the Government's principal witnesses on a matter that affects the witness' credibility. See Article 32(b), UCMJ, 10 U.S.C. § 832(b). Likewise, we do not expect a layman in the law to know the niceties of the rules of evidence. In our opinion, however, the error neither deprived the appellant of a substantial pretrial right nor was the error of such nature that it would have affected the validity or integrity of the trial itself. Therefore, we must test the error for its prejudicial effect. *See United States v. Mickel,* 9 U.S.C.M.A. 324, 327, 26 C.M.R. 104, 107 (1958); *United States v. Donaldson,* 23 U.S.C.M.A. 293, 49 C.M.R. 542 (1975).

Appellate Counsel for the Accused: CPT Buren R. Shields, III, JAGC; CPT Anthony J. Siano, JAGC; MAJ Joe D. Miller, JAGC.

The investigating officer testified at the trial that his recommendations would not have changed, even if he had heard testimony that Sletten was racially biased and prejudiced. We have no reason to believe that the convening authority would have disposed of this case differently if he were aware of such testimony because: the credibility of Sletten was not a major issue in the case; the appellant had confessed prior to trial to the commission of the offense; and the testimony of a witness to whom Sletten made a fresh complaint was available. Furthermore, the defense counsel was afforded the opportunity at the trial to attack Sletten's credibility. Because of these reasons, we find that no harm flowed from the pretrial error and reversal of the conviction on that basis is unjustified. Article 59(a), UCMJ, 10 U.S.C. § 859(a).

The appellant also contends that Article 125, UCMJ, is unconstitutionally vague. The issue was not raised at the trial. The Article provides that any person who engages in unnatural carnal copulation with another person or with an animal is guilty of sodomy. In view of the decision of the *United States Supreme Court in Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975), we disagree with the appellant's contention. In that case the Court ruled that a state statute * which punishes "crimes against nature" is not impermissibly vague and upheld a cunnilingus conviction thereunder. The Court interpreted the statute as a prohibition against all unnatural copulation, including sodomy, and decided that its wording meets the fair warning requirement embodied in the Due Process Clause of the Fourteenth Amendment. *See Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge FULTON concur.

* "Crimes against nature—Penalty. Crimes against nature, either with mankind or any beast, are punishable by imprisonment in the penitentiary not less than five (5) years nor more than fifteen (15) years." Tenn.Code Ann. § 39-707 (1955).