**James Lester POST, Jr., Petitioner,**

v.

**STATE of Oklahoma, Respondent.**

**No. F–84–303.**

Court of Criminal Appeals of Oklahoma.

April 14, 1986.

---

## ORDER DENYING PETITION FOR REHEARING AND STAYING ISSUANCE OF MANDATE

On March 7, 1986, the appellee, by and through David W. Lee, Assistant Attorney General, filed before this Court a motion requesting that we stay issuance of the mandate in the above-styled and numbered case. On March 18, 1986, Mr. Lee, for and

---

**1152**

on behalf of the appellee, filed a petition for rehearing in this matter.

Appellee's petition for rehearing takes issue with our resolution regarding the unconstitutionality of 21 O.S. 1981, § 886, as applied to the facts of this case. Appellee claims that our opinion in this case "is in conflict with the previous rulings of the United States Supreme Court." *Petition for Rehearing* at 1. This statement is incorrect. Appellee first cites *Rose v. Locke*, 423 U.S. 48, 96 S.Ct. 243, 46 L.Ed.2d 185 (1975), and *Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973) for the proposition that "the Supreme Court upheld a virtually identical statute." *Petition for Rehearing* at 2. However, in each of these cases, these statutes were upheld against a claim of being unconstitutionally vague. Our decision at bar was not based on vagueness, as we specifically noted in the text of the opinion. *See Post v. State*, 715 P.2d 1105, 1107 (Okl.Cr.1986). A majority of this Court has previously held that section 886 is not unconstitutionally vague. *See Clayton v. Stone*, 695 P.2d 3 (Okl.Cr. 1984). Appellee's reliance on *Rose v. Locke* and *Wainwright v. Stone* is, therefore, misplaced.

Furthermore, we do not believe appellee's reliance on *Doe v. Commonwealth's Attorney for the City of Richmond*, 425 U.S. 901, 96 S.Ct. 1489, 47 L.Ed.2d 751 (1976) is correct. In *Doe*, the Supreme Court upheld the finding of a three-judge district court upholding the constitutionality of that state's sodomy law. The issue in that case involved the constitutionality of applying that statute to homosexuals. The plaintiffs in that civil rights lawsuit were homosexuals who had been neither arrested nor threatened with prosecution. *See Doe v. Commonwealth's Attorney for the City of Richmond*, 403 F.Supp. 1199 (E.D. Va.1975). The Supreme Court summarily affirmed the judgment.

■ The appellee asserts, and it is true, that the summary affirmance of lower courts decision is dispositive of the merits, and has binding precedential effect. *Hicks v. Miranda*, 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975). However, merely because the Court disposes of the case without explaining its reasons is not an endorsement of the reasoning employed by the lower court; therefore, the summary holding must be carefully limited. *Mandel v. Bradley*, 432 U.S. 173, 97 S.Ct. 2238, 53 L.Ed.2d 199 (1977); *Fusari v. Steinberg*, 419 U.S. 379, 95 S.Ct. 533, 42 L.Ed.2d 521 (1975). We note first that our opinion dealt with the issue of heterosexual conduct, not homosexual acts. In fact, we specifically noted in our opinion that, "[w]e do not reach the question of homosexuality since the application of the statute to such conduct is not an issue in this case." *Post v. State*, 715 P.2d at 1109. Secondly, it is entirely possible that the Supreme Court in *Doe* disposed of the case because plaintiffs clearly lacked standing to bring the lawsuit. *See Hardwick v. Bowers*, 760 F.2d 1202, 1207 n. 5 (11th Cir.1985). Therefore, with these principles in mind, any reliance by this Court on *Doe v. Commonwealth* would have been improper.

■ We are also compelled to note that on two occasions before this Court—the brief-in-chief and petition for rehearing—the appellee has utterly failed to prove that private, consensual and non-commercial heterosexual acts between adults could significantly harm society so as to provide a compelling state interest in, or even a rational relationship to support, regulation of these activities.

We therefore hold that the petition for rehearing should be denied. However, the appellee also prays that the mandate be stayed in order that he may lodge a petition for writ of certiorari with the United States Supreme Court. Because the Supreme Court has not addressed this precise issue, we agree that the mandate should be stayed.

IT IS THEREFORE THE ORDER OF THIS COURT that the petition for rehearing should be, and the same hereby is, DENIED.

IT IS THE FURTHER ORDER OF THIS COURT that the issuance of the mandate should be, and the same hereby is STAYED, pending further Order of this Court.

IT IS THE FURTHER ORDER OF THIS COURT that the appellee is directed to file a copy of his petition for writ of certiorari with the clerk of this court at the time the same is filed with the United States Supreme Court. In the event that a petition is not filed, within sixty (60) days of this Order the clerk of this Court is directed that the stay imposed herein will be vacated, and the mandate is to immediately issue.

IT IS SO ORDERED.

WITNESS OUR HANDS AND THE SEAL OF THIS COURT this 14th day of April, 1986.

ED PARKS, P.J.
TOM BRETT, J.