Larry SHIELDS, Petitioner-Appellant,

v.

Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent-Appellee.

No. 86–3549
Non-Argument Calendar.

United States Court of Appeals, Eleventh Circuit.

April 3, 1987.

Michael A. Wenof, Asst. Federal Public Defender, Tampa, Fla., for petitioner-appellant.

William I. Munsey, Jr., Asst. Atty. Gen., Tampa, Fla., for respondent-appellee.

Before HILL, KRAVITCH and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner, Larry Shields, was convicted in 1980 of burglary and kidnapping. He was given consecutive life sentences for each offense. Shields was convicted of kidnapping under subsection 787.01(1)(a), 2 Fla.Stat. (1979), which makes it unlawful to confine another person with the intent to commit or facilitate the commission of any felony.

At the time of Shield's trial, no Florida court had yet interpreted the 1979 kidnapping statute. Subsequent to his conviction, the Florida Supreme Court had the occasion to analyze it. It held that in order to constitute kidnapping under the statute, the confinement or movement of the victim:

> ... must not be slight, inconsequential, and merely incidental to the other felony; must not be of the kind inherent in the nature of the other crime; and must have some significance independent of the other crime in that it makes the other crime substantially easier of commission or substantially lessens the risk of detection.

*Carron v. State*, 427 So.2d 192, 193 (Fla. 1983). *See also Mobley v. State*, 409 So.2d 1031 (Fla.1982).

In this habeas corpus proceeding Shields claims that his kidnapping conviction should be vacated because his conduct during the course of the robbery did not constitute kidnapping under the Florida statute as it is now interpreted. The magistrate found, and the district court agreed, that the Florida cases decided several years after the date of the petitioner's conviction are not relevant. The legality of petitioner's conviction must be governed by Florida law at the time of his conviction. *Wainwright v. Stone*, 414 U.S. 21, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

It is not at all clear that Shields would not have been found guilty, properly, under the statute as presently interpret-

ed. Shields' victim was an elderly woman. Shields entered her room at night, tied her hands and feet with some masking tape, struck her in the head, and proceeded to ransack the house. He was caught in the victim's garage. This conduct is analogous to other actions found to constitute kidnapping. *See e.g., Sorey v. State,* 419 So.2d 810 (Fla.App.1982). (Tying of victim to facilitate escape and lessen the risk of detection after robbery constituted kidnapping, even under the most stringent interpretation of Florida's kidnapping statute). However, it is not necessary for us to decide this issue, for the proper test is whether the evidence was sufficient for conviction according to the law as interpreted at the time of the conviction. Here the evidence was quite ample to prove each element of the crime of kidnapping as the statute defined the crime. Thus, the decision of the district court is

AFFIRMED.