### Arnold J. MENDEZ, Petitioner— Appellant,

v.

### Thomas M. HORNUNG, Warden, Respondent—Appellee.

No. 05–55288.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 16, 2006.

Filed Sept. 14, 2006.

Arnold J. Mendez, San Diego, CA, pro se.

Gerson Simon, Los Angeles, CA, for Petitioner–Appellant.

Sharon L. Rhodes, Esq., Office of the California Attorney General, San Diego, CA, for Respondent–Appellee.

Before: KOZINSKI, O'SCANNLAIN, and BYBEE, Circuit Judges.

### MEMORANDUM *

The facts and procedural posture of the case are known to the parties, and we do not repeat them here. We review the district court's denial of the petition for writ of habeas corpus de novo. *Robinson v. Ignacio*, 360 F.3d 1044, 1055 (9th Cir. 2004).

Mendez contends that the California courts violated his rights to due process, equal protection, and protection against double jeopardy, by failing to retroactively apply the California Supreme Court's decision in *People v. Cortez*, 18 Cal.4th 1223, 77 Cal.Rptr.2d 733, 960 P.2d 537 (1998). Because Mendez did not raise his claim in the California Court of Appeal and the California Supreme Court denied the claim without comment, we conduct an independent review of the record to discern whether the denial was objectively unreasonable. *Himes v. Thompson*, 336 F.3d 848, 852–53 (9th Cir.2003).

In *Cortez*, the California Supreme Court did not explicitly state whether its ruling would be retroactive under state law. However, after its decision in *Cortez*, the court issued a "postcard denial" of Mendez's habeas petition. Because a summary rejection of a habeas petition by the California Supreme Court is considered a decision on the merits, *see La Rue v. McCarthy*, 833 F.2d 140, 143 (9th Cir.1987), we

find that the summary dismissal of Mendez's petition *after* the *Cortez* decision indicates *Cortez* does not apply retroactively.

The federal Due Process Clause does not compel retroactive application. Although the retroactivity of *federal* criminal laws may implicate the federal Due Process Clause, *see Bousley v. United States*, 523 U.S. 614, 619–21, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998), principles of comity allow state courts to determine whether their decisions will apply retroactively. *Wainwright v. Stone*, 414 U.S. 21, 23–24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973).

We do not address whether the California Supreme Court's decision not to remand in light of *Cortez* violated the Equal Protection Clause because Mendez did not properly raise the claim before the state court. 28 U.S.C. § 2254(b)(1)(A); *Caswell v. Calderon*, 363 F.3d 832, 837 (9th Cir. 2004).

Mendez has also raised an uncertified issue in conformance with 9th Cir. R. 22–1(e). Because Mendez has not "made a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), and has failed to raise this specific claim in state court, we deny his motion to expand the certificate of appealability.[1]

**AFFIRMED.**

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. This motion was raised in Mendez's brief.