# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 11-1016

_____

| | | |
|---|---|---|
| Richard D. Clay, | * | |
| | * | |
| Petitioner - Appellant, | * | Appeal from the United States |
| | * | District Court for the |
| v. | * | Western District of Missouri. |
| | * | |
| Michael Bowersox, | * | [TO BE PUBLISHED] |
| | * | |
| Respondent - Appellee. | * | |

_____

Submitted: January 6, 2011
Filed: January 6, 2011

_____

Before WOLLMAN, LOKEN and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Richard D. Clay was convicted of murder in Missouri and sentenced to death. *See Clay v. Bowersox*, 367 F.3d 993 (8th Cir. 2004); *State v. Clay*, 975 S.W.2d 121 (Mo. 1998). The Supreme Court of Missouri has scheduled Clay's execution for January 12, 2011. Clay has filed with this court an application for a certificate of appealability from the district court's[1] order of January 3, 2011, denying his Supplemental Petition for Writ of Habeas Corpus. He also filed a motion for stay of

_____

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

execution. For the reasons that follow, we deny the application and dismiss the appeal. We also deny the motion for stay of execution.

Clay's supplemental petition argued that the State of Missouri violated his rights under the Due Process Clause of the Fourteenth Amendment, as construed in *Hicks v. Oklahoma*, 447 U.S. 343, 346 (1980).[2] Clay contends that the State arbitrarily denied him the right to proportionality review of his death sentence under Mo. Rev. Stat. § 565.035.3, as recently defined by the Supreme Court of Missouri in *State v. Dorsey*, 318 S.W.3d 648, 659 (Mo. 2010). Whereas the state supreme court in Clay's case conducted proportionality review by comparing his case only to other similar cases in which the death penalty was imposed, *Clay*, 975 S.W.2d at 146, the court recently changed its construction of the statute, and held that proportionality review now requires consideration of all factually similar cases in which the death penalty was submitted to the jury, including those resulting in a sentence of life imprisonment without the possibility of probation or parole. *Dorsey*, 318 S.W.3d at 659. In support of his application for a certificate of appealability, Clay points out that this court, on November 12, 2010, granted a certificate of appealability in *Goodwin v. Roper*, No. 10-2816, on the question whether the Supreme Court of

---

[2]The Anti-Terrorism and Effective Death Penalty Act restricts the authority of a district court to consider "second or successive" habeas corpus applications under 28 U.S.C. § 2254, and it requires authorization from a court of appeals before a second or successive application may be filed in the district court. 28 U.S.C. § 2244(b). The State took the position in the district court that "Clay's claim is not 'second or successive' under 28 U.S.C. § 2244(b) because he was not able to raise his claim in his original habeas petition." R. Doc. 81, at 1 n.1. As in *Jones v. Roper*, 311 F.3d 923, 924-25 (8th Cir. 2002) (per curiam), we assume this point for purposes of analysis. *See Crouch v. Norris*, 251 F.3d 720, 723 (8th Cir. 2001) ("Courts considering the construction of § 2244(b) have uniformly rejected a literal reading."). *But cf. Magwood v. Patterson*, 130 S. Ct. 2788, 2798 (2010) ("AEDPA uses the phrase 'second or successive' to modify 'application.' The State reads the phrase to modify 'claims.' We cannot replace the actual text with speculation as to Congress' intent.") (citations omitted).

Missouri unreasonably applied *Hicks* when it conducted proportionality analysis by comparing Goodwin's case only to similar cases in which death was imposed.

After this court granted a certificate in *Goodwin*, the Supreme Court of Missouri explained that Clay "received proportionality review in the manner provided by law at the time of that review," and that proportionality review as provided in the recent *Dorsey* decision "is not to be applied retrospectively." Order, *State v. Clay*, No. SC78373 (Mo. Dec. 9, 2010). In light of this explanation by the Missouri court, we conclude that Clay has not made "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), as required for the issuance of a certificate of appealability, *see Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003), or shown a significant possibility of success on the merits, as required for a stay of execution. *See Hill v. McDonough*, 547 U.S. 573, 584 (2006).

The Supreme Court in *Wainwright v. Stone*, 414 U.S. 21 (1973) (per curiam), held that a state supreme court is not constitutionally compelled to make retroactive its new construction of a state statute, *id*. at 23-24, explaining that "'[a] state in defining the limits of adherence to precedent may make a choice for itself between the principle of forward operation and that of relation backward. It may say that decisions of its highest court, though later overruled, are law none the less for intermediate transactions.'" *Id*. at 24 (quoting *Great N. Ry. Co. v. Sunburst Oil & Ref. Co.*, 287 U.S. 358, 364 (1932)). *Hicks* did not involve a question of retroactivity, and it did not cast doubt on the discussion of retroactivity in *Stone*. Clay therefore has not made a substantial showing that the decision of the Supreme Court of Missouri to apply its new construction of Mo. Rev. Stat. § 565.035.3 prospectively only is an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States.

The application for a certificate of appealability is denied, and the appeal is dismissed. The motion for stay of execution is denied.

_____

-3-