**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 08 2011

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| CHRISTOPHER PETER KAZAS, | No. 10-15420 |
| Petitioner - Appellant, | D.C. No. 5:04-cv-04280-RMW |
| v. | |
| J. WOODFORD, Director of California Department of Corrections, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, District Judge, Presiding

Argued and Submitted February 15, 2011
San Francisco, California

Before: SCHROEDER, THOMAS, Circuit Judges, and BENNETT, District
Judge.**

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Mark W. Bennett, District Judge for the Northern District of Iowa, sitting by designation.

Defendant Christopher Peter Kazas appeals the denial of his petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, by the United States District Court for the Northern District of California. On April 22, 2001, while fleeing from the California Highway Patrol, Kazas ran a red light and collided with a van. As a result of the collision, the driver of the van was killed and a passenger was injured.

Kazas was tried in the Superior Court of California, Sonoma County, on charges of second degree murder and other charges arising out of the incident. At trial, the prosecution relied on both implied malice and felony murder to support the charge of second degree murder. The felony murder charge was based on violation of California Vehicle Code § 2800.2, which provides:

> (a) If a person flees or attempts to elude a pursuing peace officer in violation of Section 2800.1 and the pursued vehicle is driven in a willful or wanton disregard for the safety of persons or property, the person driving the vehicle, upon conviction, shall be punished by imprisonment in the state prison, or by confinement in the county jail for not less than six months nor more than one year . . . .

> (b) For purposes of this section, a willful or wanton disregard for the safety of persons or property includes, but is not limited to, driving while fleeing or attempting to elude a pursuing peace officer during which time either three or more violations that are assigned a traffic violation point count under Section 12810 occur, or damage to property occurs.

2

The jury found Kazas guilty of second degree murder. Jury members were not instructed to specify whether they relied on the implied malice theory or the felony murder theory, and they did not do so.

After exhausting his state court remedies, Kazas filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in federal court. Kazas challenged his second degree murder conviction based on the California Supreme Court's decision in *People v. Howard*, 34 Cal. 4th 1129 (2005). *Howard*, decided long after Kazas's conviction was final, held that violation of § 2800.2 was not an inherently dangerous felony and, therefore, could not serve as a basis for a felony murder conviction. *Id.* at 1138-39.

The district court denied Kazas's petition, determining that the summary denial of Kazas's state petition for writ of habeas corpus by the California Supreme Court constituted a decision on the merits that *Howard* was a change in the law that did not apply retroactively. The district court then relied on *Wainwright v. Stone*, 414 U.S. 21, 23-24 (1973), which held that a state court's decision not to apply a change in state law retroactively does not violate federal constitutional rights. The district court decided, therefore, that the state court's denial of Kazas's petition was neither "contrary to, [n]or involved an unreasonable application of, clearly established Federal law." 28 U.S.C. § 2254(d). The district court

concluded, however, that it would be appropriate to issue a certificate of appealability because the California Supreme Court's denial was a summary denial, lacking explanation of its reasoning.

Kazas appeals the denial of his petition for writ of habeas corpus, arguing that *Howard* was merely a clarification of the law and that it was unreasonable for the California Supreme Court to fail to apply a new interpretation of a state criminal statute retroactively, based on *Fiore v. White*, 531 U.S. 225, 226, 228-229 (2001) (per curiam) (failure to apply a clarification retroactively to a prior conviction under the same law violates the due process right to have all elements of a crime proved beyond a reasonable doubt), and *Bunkley v. Florida*, 538 U.S. 835, 840 (2003) (per curiam) (remand to Florida state court to determine whether new interpretation of "common pocketknife," which would have excluded Bunkley's knife, applied at the time of Bunkley's conviction). Kazas further asserts that it would be proper to certify the matter to the California Supreme Court to determine whether the decision in *Howard* was a change in the law or merely a clarification. The Respondent argues that the summary denial of Kazas's petition for writ of habeas corpus constituted a decision by the California Supreme Court that *Howard* was a change in the law, not merely a clarification, and that, pursuant to *Wainwright*, it was not unreasonable for the California Supreme Court to decide

4

that *Howard* did not apply retroactively. We affirm the district court's denial of Kazas's petition.

We review *de novo* the district's court's denial of a petition for a writ of habeas corpus pursuant to § 2254. *Musladin v. Lamarque*, 555 F.3d 830, 835 (9th Cir. 2009). Where a state court's decision is unaccompanied by an explanation, the habeas petitioner's burden still must be met by showing that there was no reasonable basis for the state court to deny relief. *Harrington v. Richter*, ___ U.S. ___, ___, 131 S. Ct. 770, 784-85 (2011).

We will grant a § 2254 petition only if the state court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *Richter*, ___ U.S. at ___, 131 S. Ct. at 785. "Under § 2254(d), a habeas court must determine what arguments or theories supported, or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the United States Supreme Court]." *Richter*, ___ U.S. at ___, 131 S. Ct. at 786.

5

On November 15, 2006, the Supreme Court of California issued its opinion in this matter, stating: "Petition for writ of habeas corpus denied." On its face, this opinion provides no explanation for the basis of the court's decision. However, on August 8, 2006, the Court Administrator and Clerk of the Supreme Court of California wrote a letter to the parties requesting, on behalf of the court, that they each specifically address the following questions: "1) What effect does *People v. Howard* . . . have on petitioner's claims?; 2) Is *Howard* retroactive?; 3) If there was error based on the decision in *Howard*, is the error harmless beyond a reasonable doubt?; 4) If petitioner sought review in this court while *Howard* was pending, do any procedural bars still apply?"

If the state court's summary denial would have been reasonable, based on resolution of any one of the four questions, Kazas will not have met his burden to show that there was no reasonable basis for the state court to deny relief. *See Richter*, ___ U.S. at ___, 131 S. Ct. at 784-85.

"[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) (per curiam). Kazas acknowledges, based on *Wainwright*, that if *Howard* is interpreted as a change in the law, the California Supreme Court's decision not to apply *Howard* retroactively

6

does not violate his federal constitutional rights to due process or a fair trial.  The *Howard* decision does not explicitly state that it is a change in the law, nor does it explicitly state that it is merely a clarification of the law.  However, Kazas cannot show that there is no possibility that fairminded jurists could disagree that a failure to apply *Howard* retroactively violates federal law.  *See Richter*, ___ U.S. at ___, 131 S. Ct. at 786 ("[The applicable standard] preserves authority to issue the writ in cases where there is no possibility fairminded jurists could disagree that the state court's decision conflicts with this Court's precedents.  It goes no farther.").  In other words, to obtain relief, Kazas must show that all fairminded jurists would agree that the state court's failure to apply *Howard* retroactively violated federal law.  He has not done so.  We decline Kazas's invitation to certify a question to the California Supreme Court.

The district court properly denied Kazas's petition for a writ of habeas corpus.

AFFIRMED.