**Thomas Charles KLEVE,
Petitioner–Appellant,**

v.

**D.R. HILL, Warden CCI; J. Gomez; Attorney General of the State of California; Daniel E. Lungren, Attorney General, Respondents–Appellees.**

No. 97–56182.

United States Court of Appeals,
Ninth Circuit.

Filed March 16, 2001

**1150**

Jeffrey A. Aaron, Twin Peaks, CA, for petitioner-appellant.

Douglas L. Wilson, Office of the Attorney General of California, Los Angeles, California, for the respondents-appellees.

Before: D.W. NELSON, FERNANDEZ, and W. FLETCHER, Circuit Judges.

Opinion by Judge WILLIAM A. FLETCHER; Dissent by Judge D.W. NELSON

## OPINION ON REMAND

WILLIAM A. FLETCHER, Circuit Judge:

The Supreme Court has granted certiorari, vacated and remanded for reconsideration in light of its decision in *Fiore v. White,* 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001). *See Kleve v. Hill,* — U.S. ——, 121 S.Ct. 851, 148 L.Ed.2d 766 (2001). For the reasons that follow, we believe that the Court's decision and rationale in *Fiore* do not affect the analysis in this case.

Fiore and a codefendant, Scarpone, were convicted in Pennsylvania state court of operating a hazardous waste facility without a permit. Both Fiore and Scarpone argued on appeal that they had committed no crime under Pennsylvania state law because they in fact had a permit, though they may have deviated from its terms. The Pennsylvania Supreme Court refused to hear Fiore's appeal, and his conviction became final. It then heard Scarpone's appeal and reversed his conviction, based on the argument both Fiore and Scarpone had made.

Fiore was unsuccessful in obtaining a writ of habeas corpus in state court. On federal habeas, the Third Circuit denied relief on the ground that the Pennsylvania Supreme Court had no obligation retroactively to apply its construction of the Pennsylvania hazardous waste statute, announced in Scarpone's appeal, to Fiore's case. The United States Supreme Court, which heard Fiore's case on certiorari, was unsure whether the Pennsylvania Supreme Court's decision in Scarpone's appeal had announced a new rule of law in construing the statute. In response to a certified question, the Pennsylvania Court stated that its decision in Scarpone's appeal did not rest on a new construction of Pennsylvania law. *See Fiore v. White,* 562 Pa. 634, 757 A.2d 842 (2000).

Relying on this response, the Supreme Court reversed Fiore's conviction. Because a basic element of the crime under Pennsylvania law was operating a hazardous waste facility without a permit, and because Fiore indisputably possessed a permit, "the parties agree[d] that the Commonwealth [of Pennsylvania] presented no evidence whatsoever to prove that basic element." 121 S.Ct. at 714. The Supreme Court's decision rests on the well-established principle that the state must present sufficient evidence to prove each element of the crime with which a criminal defendant is charged. The requisite quantum of evidence for determining a challenge to a conviction on federal habeas corpus is specified in *Jackson v. Virginia,* 443 U.S. 307, 324, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979): A petitioner "is entitled to habeas corpus relief if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt."

There is nothing in our earlier decision in this case that is inconsistent with the Supreme Court's decision in *Fiore*. Petitioner Kleve was arrested by the police when he and a friend were found late at night, near the house of their would-be victim, in possession of a dagger, a semi-automatic 9–millimeter pistol, and an explosive device. At Kleve's 1989 trial, the jury was given a then-standard instruction under California law. Depending on its view of the evidence, the jury was told it could find Kleve guilty of either conspiracy to commit first degree murder or conspiracy to commit second degree murder. *See People v. Horn*, 12 Cal.3d 290, 115 Cal. Rptr. 516, 524 P.2d 1300 (1974) (stating that conspiracy to commit second degree murder was a crime under California law). The jury acquitted Kleve of the former, but convicted him of the latter.

In 1998, nine years after Kleve's conviction, the California Supreme Court held that under California law there is no crime of conspiracy to commit second degree murder. *See People v. Cortez*, 18 Cal.4th 1223, 77 Cal.Rptr.2d 733, 960 P.2d 537 (1998). On federal habeas, we sustained Kleve's conviction of conspiracy to commit second degree murder despite the California Court's decision in *Cortez*. We relied on two grounds, either one of which is sufficient to sustain the conviction.

▋ First, the Court's decision in *Cortez* may have changed California law. A change of law does not invalidate a conviction obtained under an earlier law. *See Pulley v. Harris*, 465 U.S. 37, 42, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984); *Wainwright v. Stone*, 414 U.S. 21, 23–24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); *La Rue v. McCarthy*, 833 F.2d 140, 142–43 (9th Cir.1987).

Second, even if *Cortez* did not change the law, Kleve was nonetheless properly convicted under its reasoning. The California Supreme Court held in *Cortez* that under California law there is no distinct crime of conspiracy to commit second degree murder, because any defendant who satisfies the elements of conspiracy to commit second degree also satisfies the elements of conspiracy to commit first degree murder. The Court wrote:

> The mental state required for conviction of conspiracy to commit murder necessarily establishes premeditation and deliberation of the target offense of murder—hence all murder conspiracies are conspiracies to commit first degree murder, so to speak. More accurately stated, conspiracy to commit murder is a unitary offense punishable in every instance in the same manner as is first degree murder[.]

18 Cal.4th at 1232, 77 Cal.Rptr.2d 733, 960 P.2d 537 (citations omitted).

▋ When given a choice between the two crimes, Kleve's jury acquitted him of conspiracy to commit first degree murder, and convicted him of conspiracy to commit second degree murder. These two verdicts were consistent under the instructions the jury had been given, but they arguably became inconsistent after *Cortez*. Even if the verdicts are inconsistent under *Cortez*, Kleve's conviction may stand, for inconsistent verdicts are not invalid. *See United States v. Powell*, 469 U.S. 57, 64–68, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). But they are not even necessarily inconsistent, for *Cortez* may be read not as holding that the two kinds of conspiracy are identical, but, rather, that they are merely functional equivalents for purposes of punishment.

▋ When we first decided this case a year and a half ago, we regarded it as difficult. One of our panel members dissented, *see* 185 F.3d 1009, 1014 (9th Cir. 1999) (D.W. Nelson, J., dissenting), and nine members of the court dissented from the full court's decision not to take the case en banc. *See Kleve v. Hill*, 202 F.3d 1155 (9th Cir.2000). We regret that the Supreme Court's decision in *Fiore v. White* does not make it any less difficult. We knew when we decided this case in 1999 that a federal habeas petitioner is entitled to relief when the evidence fails to satisfy *Jackson v. Virginia*, and *Fiore* does no more than to reiterate that principle.

**1152**

■ The issue in this case is not whether there was sufficient evidence to convict Kleve of conspiracy to commit first degree murder or its equivalent under *Jackson v. Virginia.* There was ample evidence to support such a conviction. The issue is whether under the federal Constitution the California Supreme Court's decision in *Cortez* is fatally inconsistent with petitioner Kleve's conviction. We continue to believe that it is not. The holding and rationale of *Cortez* may mean that Kleve's crime was mislabeled as conspiracy to commit second degree murder, and that Kleve was therefore sentenced with undeserved lenity. *Cortez* does not mean, however, that Kleve was convicted and sentenced in violation of the United States Constitution.

For the foregoing reasons we adhere to our previous decision in this case, and AFFIRM the decision of the district court.

### D.W. NELSON, Dissenting:

Thomas Kleve was convicted in 1989 of conspiracy to commit second degree murder. Nine years later the California Supreme Court explained that, at the time of his conviction, there was no such crime under California law. *See People v. Cortez*, 18 Cal.4th 1223, 77 Cal.Rptr.2d 733, 960 P.2d 537 (1998). It is now twelve years after he was convicted and Kleve remains in jail for a crime that does not exist. How is this possible? Because, according to the majority, Kleve was convicted of the "functional equivalent" of conspiracy to commit first degree murder—the very crime of which the jury acquitted him. Faced with a not guilty verdict on the conspiracy to commit first degree murder charge, the majority fails to consider that acquittal and refashions the guilty verdict for a crime that does not exist into

a conviction for an offense we know the jury believed was not proven beyond a reasonable doubt. No other court has reverse engineered a conviction in this manner. The majority's holding cannot be squared with precedent, due process, or common sense. Therefore, I respectfully dissent.

It is only natural that the Supreme Court granted certiorari, vacated our decision denying Kleve's habeas petition, and remanded for reconsideration in light of *Fiore v. White*, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001), because *Fiore* supports the obvious conclusion that Kleve's continued incarceration for a crime that does not exist violates due process. *See Kleve v. Hill,* — U.S. —, 121 S.Ct. 851, 148 L.Ed.2d 766 (2001). *Fiore* held that where a state supreme court clarifies state law, due process prevents a defendant from being convicted "for conduct that its criminal statute, as properly interpreted, does not prohibit." *Id.* at 714. The majority's attempt to distinguish this case from *Fiore* is unconvincing. Kleve was convicted for conduct that California law, as properly interpreted, does not prohibit. Therefore, his continued incarceration violates due process.

Kleve was originally charged with conspiracy to commit first degree murder and two misdemeanor counts. The jury could not reach a verdict on the conspiracy charge and a new trial was ordered. During the second trial, the judge instructed the jury that it could find Kleve guilty of either conspiracy to commit first degree murder or conspiracy to commit second degree murder. First degree murder, they were told, requires a showing of intent to kill with premeditation and deliberation whereas second degree murder requires only intent to kill.[1] The jury acquitted Kleve of conspiracy to com-

1. The trial court instructed the jury that every person who unlawfully kills a human being with malice aforethought is guilty of the crime of murder; that murder which is perpetrated by any kind of willful, deliberate and premeditated killing with express malice aforethought is murder of the first degree;

and that murder of the second degree is the unlawful killing of a human being where there is malice aforethought, but the evidence is insufficient to establish deliberation and premeditation. The trial court further instructed the jury that, if they should find the

mit first degree murder, but convicted him of conspiracy to commit second degree murder. The only explanation for these verdicts is that the prosecution failed to prove premeditation and deliberation beyond a reasonable doubt.

While Kleve's federal habeas petition was pending, the California Supreme Court held there is no crime of conspiracy to commit second degree murder under California law. *See Cortez,* 18˙ Cal.4th at 1232 n. 3, 1237–38, 77 Cal.Rptr.2d 733, 960 P.2d 537. In *Cortez,* the defendant was charged with murder and conspiracy to commit murder. The jury was not instructed that conspiracy to commit murder was divisible into degrees. *Id.* at 1226, 77 Cal.Rptr.2d 733, 960 P.2d 537. The court held that the trial court did not err in failing to require the jury to determine the degree of the murder alleged as the target offense of the conspiracy. And there was no error in omitting premeditation from the conspiracy to commit murder instruction because premeditation could be inferred from the jury's finding that the defendant intended to conspire and intended to commit the target crime of murder. *Id.* at 1238, 77 Cal.Rptr.2d 733, 960 P.2d 537.

*Cortez* did not establish, as the majority seems to assume, that premeditation is irrelevant to a conviction for conspiracy to commit murder. In fact, the court stated explicitly that it was not holding intent to kill is the only requirement for conspiracy to commit murder. In response to Justice Kennard's dissent, the *Cortez* court explained that the dissent

> misconstrues our analysis when suggesting we are concluding "conspiracy to murder is a unitary crime requiring proof of only intent to kill, the mental state of second degree murder, but subject to the punishment for first degree murder." ... We are not concluding

conspiracy to commit murder "requires only intent to kill"—we are instead merely recognizing that the mental state required for conviction of conspiracy to commit express malice murder necessarily equates with and establishes the mental state of deliberate and premeditated first degree murder.

*Id.* at 1232 n. 3, 77 Cal.Rptr.2d 733, 960 P.2d 537. In other words, intent and premeditation are separate concepts; one can be inferred from the other, as the court did in *Cortez,* but they are not the same. While *Cortez* recognized that in most cases proof of intent supports an inference of premeditation, that inference is not supported where there is already a jury finding of no premeditation.

In this case, the jury was asked about premeditation and deliberation and found that it was lacking. The jury's verdict, therefore, undermines any inference that intent equates with premeditation. The majority seems to argue that we need not worry about the prosecution's failure to prove premeditation and deliberation beyond a reasonable doubt because the jury found Kleve guilty of conspiracy to commit murder. But we cannot stop there without also considering the jury's finding of no premeditation. Kleve was acquitted by a jury of the only lawful charge brought against him. He may not be held liable on that same charge by using a conviction for a non-existent offense to override the verdict of acquittal. We have already held that a conviction based on a "theory of culpability that did not exist" violates due process. *See Suniga v. Bunnell,* 998 F.2d 664, 668 (9th Cir.1993). By the same reasoning, a conviction for conduct that is not in fact a crime cannot be squared with the dictates of due process. ˙*See Adams v. Murphy,* 653 F.2d 224, 225 (5th Cir.1981) (reversing defendant's conviction for attempted perjury after Florida Supreme

---

defendant guilty of conspiracy to commit the target crime of murder, they must state in their verdict whether they found the murder to be of the first degree or the second degree; and that, if they were convinced beyond a reasonable doubt that the target crime of

murder was contemplated by the defendant, but had a reasonable doubt whether such murder was of the first or second degree, they must give the defendant the benefit of that doubt and return a verdict of second degree murder. *See* Trial Transcript at 362–65.

**1154**

Court explained that there was no such offense under Florida law because "[n]owhere in this country can any man be condemned for a nonexistent crime").

The majority dismisses this concern by invoking *United States v. Powell,* 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984). *Powell* held that inconsistent jury verdicts do not warrant reversal because the inconsistency could just as easily stem from the jury's desire to exercise mercy by ignoring the judge's instruction as from a desire to punish the defendant. *Id.* at 65, 105 S.Ct. 471. The problem with the majority's analysis, however, is that the verdicts in Kleve's trial were perfectly consistent under the instructions as given; *Powell* is inapposite. The jury found insufficient evidence of premeditation and acquitted Kleve of conspiracy to commit first degree murder as a result, but convicted him of the lesser offense of conspiracy to commit second degree murder because premeditation was not an element of that offense. As I explained in my original dissent, "Rather than the petitioner attempting to use the jury's acquittal on one charge to invalidate the conviction on another, here the majority uses Kleve's conviction on one charge to invalidate the acquittal on another charge." 185 F.3d at 1015 n. 2.