**Eric Cedric HODGES, Petitoner,**

v.

**A.C. NEWLAND, Warden, Respondent.**

**No. C 00–4006 TEH(PR).**

United States District Court,
N.D. California.

Nov. 1, 2001.

Eric C. Hodges, Mountain View, CA, pro se.

Peggy S. Rauffra, State Attorney General's Office, San Francisco, CA, for defendant.

## ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS

THELTON E. HENDERSON, District Judge.

### INTRODUCTION

This matter is now before the court for consideration of the merits of Eric Cedric Hodges' *pro se* petition for writ of habeas corpus concerning his 1998 conviction in the Santa Clara County Municipal Court. For the reasons discussed below, the petition will be denied.

### BACKGROUND

On March 6, 1998, Hodges pled guilty in the Santa Clara County Municipal Court to assault by means of force likely to produce great bodily injury and admitted that he had suffered a prior conviction. In exchange for the plea, the prosecutor dismissed charges of corporal injury on a spouse or cohabitant and simple assault. On April 20, 1998, Hodges was sentenced to four years in prison, apparently based on the middle term of two years for the assault which was doubled as a result of the finding Hodges had suffered a prior conviction. *See* Respondent's Memorandum Of Points And Authorities In Support Of Answer To Order To Show Cause, p. 1.

Hodges did not appeal. He did file several petitions for writ of habeas corpus in state courts, but none were successful. The habeas petition filed in the California Supreme Court was denied on January 25, 2000, in a summary order that read: "Petition for writ of habeas corpus is DENIED. (*In re Swain* (1949) 34 Cal.2d 300, 304, 209 P.2d 793; *People v. Duvall* (1995) 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252.)" Respondent's Motion To Dismiss, Exh. 4.

### DISCUSSION

A. *Standard of Review*

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state

court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d); *see Williams (Terry) v. Taylor,* 529 U.S. 362, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000).

### B. *Mootness*

Respondent argues as a threshold matter that the action should be dismissed because the petition is now moot due to Hodges' release from prison. The court disagrees with respondent's assessment of the mootness issue.

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings. This means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990). An incarcerated convict's (or a parolee's) challenge to the validity of his conviction satisfies the case-or-controversy requirement because the incarceration (or the restrictions imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by the invalidation of the conviction. *Spencer v. Kemna,* 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole—some "collateral consequence" of the conviction—must exist if the suit is to be maintained and not considered moot. *Id.* The ratio-

nale of *Spencer* does not, however, apply to a petitioner who has not completed his entire sentence. *See United States v. Verdin,* 243 F.3d 1174, 1178–79 (9th Cir.) (case not moot where defendant challenging sentence has not completed his entire sentence, but is in the first year of a three-year supervised release; if he prevails, he can be sentenced to a shorter period of supervised release), *cert. denied,* —— U.S. ——, 122 S.Ct. 178, —— L.Ed.2d ——, 70 U.S.L.W. 3239 (2001).

Hodges' petition is not moot. Although he has completed the institutional phase of his sentence, he is now on parole; his parole prevents this case from being moot. Respondent notes that Hodges "was sentenced to four years in prison, apparently based on the middle term of two years for the assault *which was doubled as a result of the strike.*" Respondent's Memorandum Of Points And Authorities In Support Of Answer To Order To Show Cause, p. 1 (emphasis added). If Hodges prevails here and is resentenced without taking into consideration the juvenile adjudication, he might receive a sentence half as long as that earlier imposed. If so, that might advance the start and conclusion of the parole term for Hodges. The court is unable to conclude that this case is moot because of the prospect that Hodges' current parole term could end sooner if the writ is granted.

Respondent argues that Hodges "would be on parole regardless of the length of his sentence" and cites *Spencer* in support of his argument. Respondent's Memorandum of Points And Authorities in Support Of Answer To Order to Show Cause, p. 3. *Spencer* is distinguishable in that it concerned a petitioner who challenged a parole revocation but had completed the term imposed for that parole revocation. Hodges is challenging a sentence upon conviction for which he remains on parole.

A favorable decision in the *Spencer* case could not undo or affect the parole violation term already served, *see Spencer,* 523 U.S. at 8, 118 S.Ct. 978, whereas a favorable decision in Hodges' case could advance the end date of the parole term currently being served. Because the petition has not been rendered moot by Hodges' release from prison, the court turns to a consideration of the claim in the petition.

### B. *The Legal Claim*

#### 1. *Background*

Hodges contends he was denied his Fourteenth Amendment rights to due process and equal protection because the trial court improperly used his juvenile conviction for residential burglary to enhance his sentence under California Penal Code § 667(e)(1) (requiring the doubling of the determinate sentence for a felon who has one prior felony). He states that he suffered an adjudication in juvenile court in 1986 while he was a minor for which he was declared a ward of the state under California Welfare and Institutions Code §§ 707(d)(1) and 602, and was committed to the California Youth Authority to serve a term of incarceration.

Hodges did not appeal his conviction, but did file unsuccessful state petitions for writ of habeas corpus. The Santa Clara County Superior Court rejected Hodges' argument that the juvenile adjudication was not a "strike" that could be used for sentence enhancements under California law, citing *People v. Davis,* 15 Cal.4th 1096, 64 Cal.Rptr.2d 879, 938 P.2d 938 (Cal.1997) and *People v. Gentry,* 62 Cal. App.4th 643, 72 Cal.Rptr.2d 797 (Cal.App. 1998). The court also stated that even if there was an error in using the prior conviction, the plea bargain precluded consideration of such an argument. *See* Oct. 16, 1998 Order from Santa Clara County Superior Court in *In Re Eric Cedric Hodges,* No. 203839 (attachment to Exhibit 3 to Respondent's Motion To Dismiss).

Several months after Hodges' conviction had become final by the passing of the time for any direct appeal and several months after the Superior Court and the California Court of Appeal denied his petitions for writ of habeas corpus, the California Supreme Court decided in an unrelated case that juvenile convictions could be used for sentence enhancement purposes only in limited circumstances. In *People v. Garcia,* 21 Cal.4th 1, 87 Cal.Rptr.2d 114, 980 P.2d 829 (1999), the court held that a juvenile conviction for residential burglary may be used as a strike only if the juvenile also was adjudged a ward of the court based on another offense specifically listed in California Welfare and Institutions Code § 707(b).

After the *Garcia* decision was issued, Hodges filed a petition for writ of habeas corpus in the California Supreme Court, again arguing that the juvenile prior conviction could not be used for sentence enhancement purposes—now buttressing his argument with a citation to *Garcia.* His petition was denied. Hodges then filed this action.

The parties' briefs appear to assume that if Hodges' case was in state trial court today, his prior juvenile conviction could not be counted as a strike under *Garcia.* This court will assume without deciding that Hodges' juvenile conviction could not be used as a strike for sentence enhancement purposes today. But that does not advance the analysis of Hodges' habeas petition very far, because the concern of this habeas court is whether Hodges' constitutional rights were violated by the use of the juvenile conviction in Hodges' 1998 criminal case.

#### 2. *Analysis*

Generally, a federal habeas court may not review a state sentence that is

within state statutory limits. *See Walker v. Endell,* 850 F.2d 470, 476 (9th Cir.1987). There is an exception under the Due Process Clause in that a federal court may vacate a state sentence imposed in violation of due process if, for example, a state trial judge imposed a sentence in excess of state law. *See Marzano v. Kincheloe,* 915 F.2d 549, 552 (9th Cir.1990) (plea of guilty does not permit state to impose sentence in excess of state law despite agreement of defendant to sentence). However, federal courts must defer to the state courts' interpretation of state sentencing laws. *See Bueno v. Hallahan,* 988 F.2d 86, 88 (9th Cir.1993). "Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief." *Christian v. Rhode,* 41 F.3d 461, 469 (9th Cir.1994); *see, e.g., Miller v. Vasquez,* 868 F.2d 1116, 1118–19 (9th Cir.1989) (whether assault with deadly weapon qualifies as "serious felony" under California's sentence enhancement provisions, Cal.Penal Code §§ 667(a) and 1192.7(c)(23), is question of state sentencing law and does not raise constitutional claim).

■ The starting point in the analysis is to determine whether the *Garcia* case applies in Hodges' case. This court concludes that it does not. *Garcia* represents a step in the evolution of California's law on the use of prior convictions for sentence enhancement purposes. Because that evolutionary step took place after Hodges' conviction became final, it does not aid him in this habeas action. Habeas petitioners are not automatically entitled to the benefit of changes in state law that occur after their convictions have become final. *See Kleve v. Hill,* 243 F.3d 1149, 1151 (9th Cir.2001) (California Supreme Court's decision in another case finding that there was no crime of conspiracy to commit second degree murder under California law did not invalidate petitioner's earlier conviction of conspiracy to commit

second degree murder). The *Kleve* court explained that, assuming arguendo that the law had changed by virtue of state court decisions, it didn't help the petitioner: "A change of law does not invalidate a conviction obtained under an earlier law." A federal habeas petitioner has no constitutional right to have the state courts apply a rule of state law retroactively to his case. *See Wainwright v. Stone,* 414 U.S. 21, 23–24, 94 S.Ct. 190, 38 L.Ed.2d 179 (1973); *La Rue v. McCarthy,* 833 F.2d 140, 142 (9th Cir.1987). "The retroactivity of a state change of law is a state question and 'the federal Constitution has no voice upon the subject.'" *Id.* (quoting *Northrop v. Alexander,* 642 F.Supp. 324 (N.D.Cal.1986) and *Great Northern Railway Co. v. Sunburst Oil & Refining Co.,* 287 U.S. 358, 364, 53 S.Ct. 145, 77 L.Ed. 360 (1932)). Hodges had no right under the U.S. Constitution to compel the application of the *Garcia* case retroactively to his conviction which was already final.

■ That leaves the question of whether there was a constitutional error in the sentence imposed as the law of California stood at the time of Hodges' sentencing. Whether the juvenile conviction could be used as a strike is a matter of state law, and the Superior Court held that the juvenile conviction could be so used. *See* Oct. 16, 1998 Order from Santa Clara County Superior Court in *In Re Eric Cedric Hodges,* No. 203839 (attachment to Exhibit 3 to Respondent's Motion To Dismiss). This court is not free to review the state court's determination of state law. *See Hicks v. Feiock,* 485 U.S. 624, 629, 108 S.Ct. 1423, 99 L.Ed.2d 721 (1988); *cf. id.* at 630 n. 3, 108 S.Ct. 1423 (quoting *West v. American Telephone & Telegraph Co.,* 311 U.S. 223, 237–38, 61 S.Ct. 179, 85 L.Ed. 139 (1940)) (determination of state law made by an intermediate appellate court must be followed and may not be " 'disre-

garded by a federal court unless it is convinced by other persuasive data that the highest court of the state would decide otherwise' "). Rather than deciding *whether* Hodges' juvenile conviction could be used under California's sentence-enhancement statute, this court starts its analysis by accepting that it could be so used because that is what the state habeas court already decided as a matter of state law. In light of the fact that the juvenile conviction could be used for sentence-enhancement purposes, Hodges' sentencing claim cannot support federal habeas relief.

### 3. The Plea Bargain Was Voluntarily And Knowingly Entered

A second and independent reason exists to deny the petition: the guilty plea was made voluntarily and knowingly on the advice of counsel. A defendant who pleads guilty upon the advice of counsel may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases. *Hill v. Lockhart,* 474 U.S. 52, 56–57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Tollett v. Henderson,* 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Hodges has not shown that he received ineffective assistance of counsel during the plea bargaining process. As a result, he cannot now challenge the guilty plea.

Moreover, it appears that Hodges received considerable benefits as a result of entering the plea that permitted the use of a prior conviction that, under the then-existing law, was a conviction that argu-

ably could be used for sentence enhancement purposes.[1] Hodges admits that he received benefits in the plea bargain he entered: the court struck the language of "with a deadly weapon" from the charge of assault, the court dismissed the count that charged Hodges with violating California Penal Code § 273.5(A) (willful infliction of corporal injury on a spouse or cohabitant), and the court dismissed another count that charged Hodges with a violation of California Penal Code §§ 240 and 241(B) (assault). *See* Petition, attachment, p. 1. Hodges was represented by counsel when he entered the plea. *See* Petition, p. 7.

Hodges' sentence of four years was not in excess of that allowed by state law. His due process and equal protection rights were not violated when he was sentenced to four years in prison, even if that sentence was imposed under the belief that the juvenile prior conviction required a doubling of the sentence to be imposed. The California state courts' rejection of Hodges' claim was not contrary to or an unreasonable application of clearly established federal law.

### CONCLUSION

For the foregoing reasons, the petition for writ of habeas corpus is DENIED. The clerk shall close the file.

IT IS SO ORDERED.

---

1. In *People v. Davis,* 15 Cal.4th 1096, 64 Cal.Rptr.2d 879, 938 P.2d 938 (Cal.1997), the California Supreme Court held that, under the circumstances, a defendant's juvenile adjudication of assault could be used for sentence enhancement purposes. The court explicitly declined to decide whether the defendant's juvenile adjudication for residential burglary also could be used for sentence enhancement purposes. 15 Cal.4th at 1103, 64 Cal.Rptr.2d 879, 938 P.2d 938 ("We … leave this issue for another day.") Thus, the issue of the use of prior juvenile burglary convictions was still undecided at the state's highest appellate level at the time Hodges entered his guilty plea.