Johnny TARVER, Petitioner–Appellant,

v.

State of CALIFORNIA, Respondent–Appellee.

No. 03–17094.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 6, 2004.*

Decided Dec. 8, 2004.

Johnny Tarver, Represa, CA, pro se.

J. Robert Jibson, Office of the California Attorney General, Sacramento, CA, for Respondent–Appellee.

Before: GOODWIN, WALLACE and TROTT, Circuit Judges.

## MEMORANDUM **

Johnny Tarver appeals the district court's judgment dismissing with prejudice

his 28 U.S.C. § 2254 petition for writ of habeas corpus as untimely filed beyond the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.

Tarver contends that his untimeliness should be excused on grounds that he is able to pass through the actual innocence gateway, which may allow a federal habeas court to hear the merits of otherwise time-barred constitutional claims, *see Majoy v. Roe,* 296 F.3d 770, 776 n. 1 (9th Cir.2002), because his offense of conviction-conspiracy to commit murder in the second degree-is no longer a cognizable offense under California law, *see People v. Cortez,* 18 Cal.4th 1223, 1237–38, 77 Cal.Rptr.2d 733, 960 P.2d 537 (Cal.1998) (holding that "all conspiracy to commit murder is necessarily conspiracy to commit premeditated and deliberated first-degree murder").

Although what consequence a finding of actual innocence has with respect to the one-year statute of limitations remains an open question in this Circuit, *see Majoy,* 296 F.3d at 778, we need not resolve that question today because Tarver's actual innocence claim is foreclosed by *Kleve v. Hill,* 243 F.3d 1149, 1151 (9th Cir.2001) (holding that *People v. Cortez* did not invalidate a pre-*Cortez* conviction for conspiracy to commit second degree murder).

AFFIRMED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.