**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

DEC 05 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ANTONIO TONY LOZANO, | No. 12-55330 |
| Petitioner - Appellant, | D.C. No. 5:09-cv-01847-JSL-MRW |
| v. | |
| RALPH M. DIAZ, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
J. Spencer Letts, Senior District Judge, Presiding

Argued and Submitted November 17, 2014
Pasadena, California

Before: SCHROEDER, PREGERSON, and NGUYEN, Circuit Judges.

Petitioner Antonio Lozano appeals the district court's denial of his 28 U.S.C.

§ 2254 habeas petition, challenging his California second-degree murder

conviction. Because the state court did not make an unreasonable determination of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

the facts nor unreasonably apply clearly established federal law, we affirm. *See* 28 U.S.C. § 2254(d).

Petitioner was convicted under a felony murder theory, predicated on his felony charge for grossly negligent discharge of a firearm that could result in injury or death under California Penal Code § 246.3. Although the California Supreme Court's decision in *People v. Chun*, 203 P.3d 425, 444 (Cal. 2009), indicates that negligent discharge of a firearm merges with the killing so a charge under § 246.3 cannot support felony murder, that decision came out after Petitioner's conviction was final. *Chun* changed the law because it overruled the California Supreme Court's prior opinions in *People v. Robertson*, 95 P.3d 872 (Cal. 2004), and *People v. Randle*, 111 P.3d 987 (Cal. 2005), which were applicable when Petitioner's conviction became final. Subsequent changes in state law cannot be grounds for federal habeas relief. *See, e.g.*, *Kleve v. Hill*, 243 F.3d 1149, 1151 (9th Cir. 2001).

Recognizing this, Petitioner attempts to argue that the state courts made an unreasonable determination of the facts by finding he fired the shots with the collateral purpose of frightening the victims. To warrant relief, the state court's factual determinations must be objectively unreasonable, not merely incorrect or debatable. *Wood v. Allen*, 558 U.S. 290, 301 (2010). Petitioner testified that he intended to frighten the victims, and under California law at the time of his

2

conviction, this was a sufficient collateral purpose to prevent the shooting from merging with the killing for felony murder purposes. *See Robertson*, 95 P.3d at 881. The state court's determination was not objectively unreasonable. Further, because this is a question of state law, Petitioner's contention that the collateral purpose finding violated federal law is unavailing. *See Butler v. Curry*, 528 F.3d 624, 642 (9th Cir. 2008) ("We are bound to accept a state court's interpretation of state law, except in the highly unusual case in which the interpretation is clearly untenable . . . .") (internal quotation marks omitted).

We do not reach Petitioner's uncertified issue. The judgment of the district court is **AFFIRMED**.